IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
Eastern Division

| | |
|---|---|
| NANCY J ANDERSON, *et al.*, Individually, and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No.: 4:12 cv 45-SNLJ |
| ANHEUSER-BUSCH COMPANIES PENSION PLAN, *et al.*, ) ) ) ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT
FOR BREACH OF FIDUCIARY DUTY UNDER ERISA**

Plaintiffs Nancy J. Anderson, Richard F. Angevine, Andy Fichthorn, Donald W. Mills, Jr., and Joe Mullins, for their Second Amended Complaint against defendants, states:

1. Plaintiff Nancy J. Anderson is a citizen of Florida who resides in Orange County, Florida.

1.b. Plaintiffs Richard F. Angevine, Andy Fichthorn, Donald W. Mills, Jr., and Joe Mullins are all citizens of the United States who reside in the United States.

2. Defendant Anheuser-Busch Companies Pension Plan (the "Plan") is a defined benefits employee pension benefit plan. The Plan is subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §§ 1001-1461 ("ERISA").

3. This action is brought under ERISA, and specifically under 29 U.S.C. § 1132(a)(1)(B), which provides that a civil action may be brought by a participant in a plan to enforce his rights under the terms of a plan or to clarify his rights to future benefits under a plan; and 29 U.S.C. § 1132(a)(3), which provides that a civil action may be brought by a participant in a plan to enjoin any acts or practices which violate ERISA or the terms of the plan, or to obtain other equitable relief to redress violations of the plans, or to enforce any provisions of ERISA or the terms of the plan.

4. This court has jurisdiction over the action herein under 29 U.S.C. § 1132(e)(1), which gives the district courts of the United States and state courts of competent jurisdiction concurrent jurisdiction of actions brought under 29 U.S.C. § 1132 (a).

5. Venue is proper in the Eastern District of Missouri, Eastern Division, under 29 U.S.C. § 1132(e)(2), because the Plan is administered in this district, the breach took place in substantial part in this district, and one or more of the defendants may be found in this district.

6. Defendant Anheuser Busch Companies, LLC. ("ABC") is a Delaware limited liability company registered to do business in Missouri. ABC owns companyies engaged in various businesses, including brewing, marketing, and distributing beer. Until December 1, 2009, ABC owned Busch Entertainment Corporation ("Busch Entertainment" or "BEC"), the employer of each of the plaintiffs.

7. The Plan provides retirement income to present and former salaried employees of the divisions and subsidiaries of ABC.

8. ABC is the administrator of the Plan and is a fiduciary of the Plan.

9. Defendant Anheuser-Busch InBev, N.V. ("A-B InBev") is a Belgian corporation.[1] A-B InBev, then known as InBev, N.V., acquired ABC in a transaction that closed November 18, 2008.

10. ABC and its operating divisions and subsidiaries are referred to jointly in the Plan as the "Controlled Group." ABC and its divisions and subsidiaries that employ or employed individuals who participated in the Plan are each referred to in the Plan as a "Participating Employer."

11. A-B InBev owns 100 percent of the combined voting power of all classes of stock entitled to vote the shares of ABC and the members of the Controlled Group, and is therefore the real party in interest in the Plan and is a fiduciary of the Plan.

12. As part of the Agreement and Plan of Merger by which A-B InBev acquired ABC, A-B In-Bev is obligated to honor the terms of the Plan and is required to cause ABC to honor the terms of the Plans.

13. At all times relevant to this complaint, each of the plaintiffs was a salaried employee of Busch Entertainment and a participant in the Plan.

---

[1] The designation "N.V." is the abbreviation for the Flemish phrase, "Naamloze Vennootschap," used by some Belgian companies as the functional equivalent of the U.S. terms "incorporated" or "corporation."

3

14. Busch Entertainment was sold to Blackstone Capital Partners V, L.P. ("Blackstone") in a transaction that closed December 1, 2009.

15. Until its sale to Blackstone, Busch Entertainment was at all relevant times a wholly-owned subsidiary of ABC, a member of the Controlled Group, and a Participating Employer in the Plan. Upon its sale to Blackstone, Busch Entertainment was no longer a wholly-owned subsidiary of ABC, a member of the Controlled Group, or a Participating Employer in the Plan and instead was run as a separate company known as SeaWorld Parks & Entertainment, "SeaWorld").

16. The Plan includes certain provisions for enhanced retirement benefits in case of a "change of control" in a Participating Employer. These provisions, which are found in Section 19.11 of the Plan, state:

> (a) A Change in Control shall occur on an "Acceleration Date: as defined in the Company's 1998 Incentive Stock Plan, as amended from time to time, or any successor plan thereto….
>
> (d) The Accrued Benefit of each Participant who is actively employed by a Participating Employer as of the date of a Change in Control shall be fully vested.
>
> (e) Notwithstanding anything, during the three (3) years following a Change in Control,
>
>> (i) the classification of Eligible Employees shall not be reduced or enlarged,
>>
>> (ii) the formulas for determining Participants' Normal Retirement Benefits, Late Retirement Benefits, Early Retirement Benefits, Death Benefits and Termination Benefits and the forms of payment available under the Plan shall not be reduced, and

  (iii) no other benefits, rights and features (within the meaning of the regulations under Section 401(a)(4) of the Code) available to Participants shall be eliminated.

 (f) The Normal Retirement Benefit, Late Retirement Benefit, Early Retirement Benefit or Termination Benefit of any Participant under the Supplement for the Anheuser-Busch Salaried Employees' Pension Plan … whose employment with the Controlled Group is involuntarily terminated within three (3) years after the Change in Control … shall be determined by taking into account an additional five (5) years of Credited Service and for purposes of Section 4.3 only, an additional five (5) years of age, and shall in any event be at least fifteen percent (15%) larger than the Participant's Normal Retirement Benefit, Late Retirement Benefit, Early Retirement Benefit or Accrued Benefit, as calculated without regard to this Section 19.11(f) as of the date of Participant's employment with the Controlled Group ends; provided that nothing in this Section 19.11(f) shall cause acceleration of a Participant's Payment Date under the Plan.

17. Section 3 of the Plan ("Service and Re-Employment") incorporates Section 3 of the Supplement for the Anheuser-Busch Salaried Employees' Pension Plan (the "Supplement"), stating: "See Section 3 of each Supplement."

18. Section 3.1 of the Supplement states:

 3.1 <u>Severance from Service Date</u>

 Except as otherwise provided in Section 3.2, the Severance from Service Date of an Employee shall be the earlier of:

 (a) the date on which the Employee resigns, retires, dies or is discharged from employment with all members of the Controlled Group, including for this purpose a termination of employment in connection with sale of part or all of its interest in an incorporated or unincorporated business or assets by a member of the Controlled Group …

19. Section 4 of the Plan ("Retirement and Disability Benefits") incorporates Section 4 of the Supplement, stating: "See Section 4 of each Supplement."

5

20. Section 4.3 of the Plan, referenced in Section 19.11(f) of the Plan, is found in Section 4.3 of the Supplement, which states:

> 4.3 <u>Early Retirement Benefits</u>
>
> (a) <u>Unreduced Early Retirement Benefit:</u> A Participant whose Credited Service ends on or after attainment of age fifty-eight (58) and completion of thirty (30) years of Vesting Service or employment as an Eligible Employee under this Supplement or the Prior Separate Plan shall be entitled to an Early Retirement Benefit equal to the Participant's Accrued Benefit determined as of the Participant's Early Retirement Date ….

21. The 1998 Incentive Stock Plan, whose definition of "Acceleration Date" found in Section 11(a) thereof is referenced in Section 19.11(a) of the Plan, states in Section 4(c) thereof:

> Except to the extent otherwise expressly provided in the Award Document or determined by the Committee, termination of employment includes the separation of a Recipient, directly or through the separation of his or her Employer, from the group of companies comprised of the Company and its Subsidiaries and Affiliates for any reason, including … (ii) separation of the Employer by any method which results in the Employer ceasing to be a Subsidiary or an Affiliate.

22. The closing of InBev, N.V.'s acquisition of ABC on or about November 18, 2008, was a "Change in Control" under the Plan as of that date.

23. The accrued benefits under the Plan for each of the plaintiffs fully vested November 18, 2008.

24. The sale of Busch Entertainment to Blackstone on December 1, 2009, involuntarily terminated the "employment with the Controlled Group" of each of the plaintiffs as of that date. This date was within three years of the Change in Control,

thereby entitling the plaintiffs and the other Plan participants employed by Busch Entertainment on the date of the sale to enhance retirement benefits under Section 19.11(f) of the Plan.

25. The retirement benefits under the Plan for each of the plaintiffs must be increased as of and after December 1, 2009, and thereafter, by calculating her or his benefits with the addition of five years to her or his years of service to the Controlled Group, with such increase equaling not less than 15% increase compared to the retirement benefits such plaintiff would have had under the Plan but for the involuntary termination of her or his employment with the Controlled Group on December 1, 2009.

26. In addition, with the additional five years of age provided to Anderson by section 19.11(f) of the Plan as a result of the involuntary termination of her employment by the Controlled Group upon the closing of the sale of Busch Entertainment to Blackstone, Anderson is entitled to early retirement benefits under Section 4.3(a) of the Supplement incorporated into the Plan.

27. Anderson timely exercised the administrative remedies offered by ABC by requesting via letter dated November 1, 2010 (the "Anderson Letter") immediate early retirement benefits under the Plan, and a determination that her benefit under the Plan be calculated by adding 5 years of age and 5 years of service. A copy of the Anderson Letter is attached to the original complaint as **Exhibit 1**.

28. ABC responded to the Anderson Letter by letter dated January 31, 2010, signed by Robert G. Zimmer, Director of, Retirement Plans, for ABC, denying

Anderson's request for relief (the "Denial Letter"), a copy of which is attached to the original complaint as **Exhibit 2**.

29.  Anderson appealed the Denial Letter via a letter delivered to the "A-B Pension Department-Appeals" dated February 14, 2011 (the "Appeal"), a copy of which is attached to the original complaint as **Exhibit 3**.

30.  ABC denied the Appeal via letter dated June 15, 2011 (the "Appeal Denial"), a copy of which is attached to the original complaint as **Exhibit 4**.

31.a.  Upon receiving the Appeal Denial, Anderson's administrative remedies were exhausted and no further relief was possible under ABC's internal procedures.

31.b.  Angevine timely exercised and exhausted the administrative remedies offered by ABC via letter demanding a determination that his benefits under the Plan be calculated by adding 5 years of age and 5 years of service. ABC denied his request for relief. He appealed the denial. ABC denied his appeal. Upon receiving ABC's letter denying his appeal, Angevine had exhausted his administrative remedies under the Plan and no further relief was possible under ABC's internal procedures.

31.c.  Fichthorn timely exercised and exhausted the administrative remedies offered by ABC via letter demanding a determination that his benefits under the Plan be calculated by adding 5 years of age and 5 years of service. ABC denied his request for relief. He appealed the denial. ABC denied his appeal. Upon receiving ABC's letter denying his appeal, Fichthorn had exhausted his administrative

8

remedies under the Plan and no further relief was possible under ABC's internal procedures.

31.d.  Mills timely exercised and exhausted the administrative remedies offered by ABC via letter demanding a determination that his benefits under the Plan be calculated by adding 5 years of age and 5 years of service. ABC denied his request for relief. He appealed the denial. ABC denied his appeal. Upon receiving ABC's letter denying his appeal, Mills had exhausted his administrative remedies under the Plan and no further relief was possible under ABC's internal procedures.

31.e.  Mullins timely exercised and exhausted the administrative remedies offered by ABC via letter demanding a determination that his benefits under the Plan be calculated by adding 5 years of age and 5 years of service. ABC denied his request for relief. He appealed the denial. ABC denied his appeal. Upon receiving ABC's letter denying his appeal, Mullins had exhausted his administrative remedies under the Plan and no further relief was possible under ABC's internal procedures.

32.a.  ABC or the Plan maintain an online pension benefits calculator that Plan participants can use to determine their benefits under the Plan given any particular set of assumptions. On or about July 21, 2009, Anderson used this pension benefits calculator to determine her retirement benefits both with and without the +5/+5 enhancement. The pension benefits calculator indicated that with the +5/+5 enhancement, Anderson would be entitled to a lump sum retirement

benefit approximately $218,732 greater than she would be entitled to without such an enhancement.

32.b. Each of Angevine, Fichthorn, Mills, and Mullins also used the online pension benefits calculator to determine their retirement benefits both with and without the +5/+5 enhancement. According to the online pension benefits calculator, each plaintiff would be entitled to a substantially greater lump sum retirement benefit with the enhancement than without.

33. Defendants refuse to apply the provisions of Section 19.11(f) of the Plan to determine plaintiffs' future retirement benefits and refuse to apply those provisions to determine the future retirement benefits of the other Plan participants who have now become employed by SeaWorld as a result of the transaction.

34. Defendants refuse to credit plaintiffs and the other Plan participants who became employed by SeaWorld as a result of the transaction with an additional five years of age to determine eligibility for an early retirement benefit.

35. Other Busch Entertainment employees have also made demand upon the Plan for the application of the 5+5 provisions of Section 19.11(f) of the Plan to determine their future retirement benefits. In all cases, the Plan has refused to apply the 5+5 provisions to such BEC Employees, and has rejected the administrative appeals of those BEC employees who have filed such appeals.

36. It is defendants' plan and intention to continue to treat those employees of Busch Entertainment who retained employment with BEC after it was sold to the Blackstone Group as not terminated from the Controlled Group for

purposes of the Plan; to continue refuse to apply the provisions of Section 19.11(f) of the Plan to determine the future retirement benefits of those participants; and to continue to refuse to credit those participants with an additional five years of age to determine eligibility for an early retirement benefit.

37. In each of the particulars described above, the defendants failed to comply with the Plan's governing documents, thereby breaching their fiduciary duties.

38. In each of the particulars described above, ABC and A-B InBev intentionally decided to adopt an interpretation of the Plan's governing documents to reduce the cost of the Plan to them, knowing or believing that such interpretation was contrary to the plan language of the Plan and was contrary to the intent of the Plan sponsors at the time the Plan was formed. ABC and A-B InBev did not adopt their interpretation of the Plan in good faith, but for the improper purpose of keeping money owed to the participants for themselves to use in helping to pay for A-B InBev's purchase of ABC.

39. ABC's conduct was intentional and malicious and a knowing violation of its fiduciary duties to the participants, and should be punished by an award of punitive damages.

40. A-B InBev's conduct was intentional and malicious and a knowing violation of its fiduciary duties to the participants, and should be punished by an award of punitive damages.

41. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Anderson, Angevine, Fitchthorn, Mills, and Mullins propose to represent a plaintiffs class consisting of all salaried employees of Busch Entertainment who were participants in the Plan who: (1) were employed by BEC on both November 17 and November 18, 2008; and (2) were not employed by another member of the Controlled Group on December 1, 2009.

42. The proposed class includes hundreds of individuals.

43. The members of the proposed class are so numerous that joinder of all members is impracticable. Moreover, it would be inefficient and a waste of judicial resources to require each member of the proposed class to bring a separate action.

44. There are questions of law and fact common to all of the members of the proposed class, chief of which are:

    a. Whether each class member's employment with the Controlled Group terminated within the meaning of Section 19.11(f) of the Plan when BEC was sold to a buyer outside the Controlled Group even if he or she thereupon became employed by the new owner of BEC.

    b. Whether each class member is entitled to have his or her accrued retirement benefits under the Plan increased as provided by Section 19.11(P) as of December 1, 2009.

    c. Whether each class member who has at least 25 years of Vesting Service or employment, as defined in the Plan, is entitled to retire at age 53 without reduced benefits.

    d. Whether ABC or A-B InBev or both can be compelled by the court to contribute to the trust funding the Plan sufficient assets to fully fund the increase in retirement benefits to be provided to the class members under Sections 4.3 and 19.11(f) of the Plan.

    e.    Whether the class members are entitled to recover attorneys' fees from one or more of the defendants under 29 U.S.C. §1132(g)(1).

    f.    Whether the class members are entitled to recover punitive damages from ABC.

    g.    Whether the class members are entitled to recover punitive damages from A-B InBev.

45.    Plaintiffs' claims are typical of the claims of the members of the proposed class.

46.    Plaintiffs' claims are not subject to any defense not generally applicable to the members of the proposed class.

47.    Plaintiffs will fairly and adequately protect the interests of the proposed class. To that end, plaintiffs have retained capable and experienced lawyers, including lawyers with extensive class action experience.

48.    This case is properly certifiable as a class action under all three branches of Rule 23(b), in that: (A) inconsistent or varying adjudications with respect to individual class members would establish incompatible standards of conduct for the defendants; (B) the defendants have acted and refused to act on grounds that apply generally to the class; and (C) the questions of law and fact common to the class action members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, plaintiffs Nancy J. Anderson, Richard F. Angevine, Andy Fichthorn, Donald W. Mills, Jr., and Joe Mullins requests that the court enter the following orders and grant judgment in favor of Anderson and her proposed plaintiffs' class as follows:

A. Enter judgment in favor of each plaintiff and against all defendants for future retirement benefits calculated on the basis of applying the +5/+5 benefit enhancement, and award Anderson early retirement benefits under Section 11.19(f) of the Plan from and after December 1, 2009, as though she had five additional years of service and five additional years of age, with prejudgment interest on each payment that should have been made to her from December 1, 2009 to the date of judgment, and post-judgment interest, and such other relief as to which she may be entitled.

B. Certify as a plaintiffs' class of all persons who were participants in the Anheuser-Busch Companies Pension Plan who were employed by the Busch Entertainment Corporation on both November 17, and November 18, 2008, and who were not employed by another member of the Controlled Group on December 1, 2009;

C. Appoint Nancy J. Anderson, Richard F. Angevine, Andy Fichthorn, Donald W. Mills, Jr., and Joe Mullins class representatives of the plaintiffs' class;

D. Appoint plaintiffs' lawyers, Joseph R. Dulle and the law firm Stone, Leyton & Gershman, a Professional Corporation, and Joe D. Jacobson and Allen P. Press and the law firm Green Jacobson, P.C., class counsel;

E. Enter Judgment that defendants Anheuser-Busch Companies Pension Plan, Anheuser Busch Companies, LLC. and Anheuser-Busch InBev, N.Y., did each individually and in combination breach their respective fiduciary duties to the class members by failing to comply with the Plan's governing documents in refusing to treat the class members' employment with the Controlled Group as terminated under Sections 4.3 and 19.11(f) of the Plan;

F. Enjoin defendants from continuing to treat the class members as though their employment with the Controlled Group did not terminated on December 1, 2009.

G. Permit each plaintiff and each class member who would have at any time prior to the date of judgment qualified for early retirement if his or her employment with the Controlled Group was treated as terminating on December 1, 2009 to elect early retirement as of any date after the date he or she would have first so qualified, and award each who so elects early retirement benefits under Section 11.19(f) of the Plan from and after the effective date of such election as though he or she had five additional years of service and five additional years of age, with

        prejudgment interest on each payment that should have been made to him or her from the effective date of such election to the date of judgment, and post-judgment interest;

H.    Order defendants Anheuser-Busch Companies, LLC. and Anheuser-Busch InBev, N.V., to make contributions of assets to the trust funding the Plan sufficient to fully fund the additional benefits to which the class members are entitled under Section 4.3 and 19.11(f) of the Plan;

I.    Award the class attorneys fees against defendants;

J.    Award the class punitive damages against defendants Anheuser-Busch Companies, LLC, and Anheuser-Busch InBev, N.V.;

K.    Award the class pre-judgment and post-judgment interest;

L.    Award any class member who may be appointed a class representative an incentive payment to fairly compensate her or him for the time and effort expended to prosecute this case on behalf of the class; and

M.    Award plaintiffs' lawyers attorneys fees based on a percentage of the amount recovered for plaintiffs and the class in the action.

N.    Award plaintiffs and the class such further and additional relief as to which they may be entitled.

Respectfully submitted,

STONE, LEYTON & GERSHMAN
A Professional Corporation


By: /s/Joseph R. Dulle
    Joseph R. Dulle        #38416MO
    Paul J. Puricelli        #32801MO
    7733 Forsyth Blvd., Suite 500
    Clayton, MO 63105
    Tel: (314) 721-7011
    Fax: (314) 721-8660
    Email: jdulle@stoneleyton.com
    Email: pjp@stoneleyton.com


GREEN JACOBSON, P.C.


By: /s/ Joe D. Jacobson
    Joe D. Jacobson  # 33715MO
    Allen P. Press  # 39293MO
    7733 Forsyth Blvd., Suite 700
    Clayton, MO 63105
    Tel: (314) 862-6800
    Fax: (314) 862-1606
    Email: jacobson@stlouislaw.com
    Email: press@stlouislaw.com

    Attorneys for plaintiffs Nancy J Anderson, Richard F. Angevine, Andy Fichthorn, Donald W. Mills, Jr., and Joe Mullins, and the putative plaintiffs class


**Certificate of Service**

The filing attorney certifies that on November 30, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system.